UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:09CR     (AWT) |
| | : | |
| v. | : | |
| | : | 18 U.S.C. § 371 |
| NATHAN CARRERA | : | [Conspiracy to Commit |
| a/k/a "ripvan" | : | Copyright Infringement] |

### I N F O R M A T I O N

The United States Attorney charges that:

### COUNT ONE
### (Conspiracy)

#### I. Background

1. At all times relevant to this Information, the defendant **NATHAN CARRERA** possessed, maintained, or had access to one or more computers connected to the Internet and communicated online using the alias "ripvan."

#### II. Object of the Conspiracy

2. Beginning at a time unknown, although no later than in or about September 2003, through in or about April 2004, in the District of Connecticut and elsewhere, defendant **NATHAN CARRERA**, and others known and unknown to the Government, did knowingly and willfully conspire, combine, confederate, and agree to commit an offense against the United States -- to wit, to willfully infringe the copyright of a copyrighted work for purposes of commercial advantage and private financial gain, by reproducing and distributing during a 180-day period ten (10) or more copies of one or more copyrighted works, which have a total retail value of more than $2,500, in violation of Title 18, United States Code, Section 2319(b)(1), and Title 17, United States Code, Section 506(a)(1).

### III. Manner and Means of the Conspiracy

3.  It was a part of the conspiracy that the defendant **NATHAN CARRERA** and others known and unknown to the Government were participants in the "warez scene" -- that is, individuals and organized groups of individuals ("warez groups") who engaged in the duplication, modification, reproduction, and distribution of software and other copyrighted works over the Internet, in violation of federal copyright law. The defendant **NATHAN CARRERA** served as a site operator for the "House of Pain" (HOP), a computer used to illegally store and transfer pirated copies of copyrighted works (a "warez server" or "FTP site"). In addition to the activities set forth above, since at least 2003, in furtherance of the above conspiracy, the defendant downloaded many pirated copies of copyrighted works from warez servers.

4.  It was further a part of the conspiracy that the defendant **NATHAN CARRERA** and others known and unknown to the Government would obtain access to "pirated" software which was made available to group members on various warez servers on the Internet for group members to access, reproduce, and distribute.

5.  It was further a part of the conspiracy that the defendant **NATHAN CARRERA**, in exchange for serving as a site operator, would gain privileged access to FTP sites, including HOP.  As of March 25, 2004, the HOP site alone contained in excess of 3,300 pirated software titles. During the relevant time period alleged in the Information, defendant **NATHAN CARRERA** and other conspirators did distribute pirated software over numerous warez servers in violation of federal criminal copyright infringement law.

### Overt Acts

6.  In furtherance of the above conspiracy, and in order to effectuate the objects thereof,

defendant **NATHAN CARRERA**, and others known and unknown to the Government, committed the following overt acts, among others, within the District of Connecticut and elsewhere:

    a. Since in or about September 2003 through in or about March 2004, defendant **NATHAN CARRERA** was involved in the warez scene and transferred unauthorized copies of copyrighted works to and from warez servers on at least 300 occasions.

    b. The defendant **NATHAN CARRERA** served as a site operator for a warez server.

    c. In return for serving as a site operator for the warez server, defendant **NATHAN CARRERA** gained unlimited access to several warez servers, including the warez server "HOP", which permitted him to download pirated software.

    d. From in or about September 2003 through in or about March 2004, the defendant **NATHAN CARRERA** transferred pirated copyrighted works to and from the "HOP" server with the knowledge and intent that those copyrighted works would be further accessed, reproduced, and distributed by others. In total, over the course of the above conspiracy, **NATHAN CARRERA** and others known and unknown to the Government distributed thousands of individual copyrighted works over the various sites with many of those copyrighted works being reproduced and distributed more than once.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION

7. Upon conviction of one or more of the offenses alleged in Count One of this Information, **NATHAN CARRERA**, defendant herein, shall forfeit to the United States, pursuant to 17 U.S.C. § 506(b), all right, title, and interest in any infringing copies of copyrighted works and all implements, devices, and equipment used in the manufacture of such infringing copies.

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

All in accordance with Title 17, United States Code, Section 506(b), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

THE UNITED STATES OF AMERICA,

  */s/ Nora R. Dannehy*
NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY


  */s/ Anthony E. Kaplan*
ANTHONY E. KAPLAN
SUPERVISORY ASSISTANT UNITED STATES ATTORNEY


  */s/ Edward Chang*
EDWARD CHANG
ASSISTANT UNITED STATES ATTORNEY