UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No. 3:09CR_____ (AWT) |
| | ) | |
| NATHAN CARRERA | ) | |

### SENTENCING MEMORANDUM OF NATHAN CARRERA

Defendant, through undersigned counsel, hereby files this memorandum in anticipation of his sentencing on May 5, 2009. Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), defendant pleaded guilty on May 5, 2009 to one count of conspiracy, in violation of 17 U.S.C. §506(a), and 18 U.S.C. §2319, in violation of 18 U.S.C. §371. The advisory sentencing guideline calculation is undisputed, and places defendant at offense level 17, by the U.S. Attorney's office and 15 if it was not committed for commercial advantage and 15 by Defendant's counsel and 13 if it was not committed for commercial advantage criminal history category 1. Pursuant to 18 U.S.C. §3553(a), Mr. Carrera respectfully requests that the Court sentence him to straight probation which is within the range of potential punishments agreed to by the parties, and consistent with sentences imposed on the other four similarly situated co-defendants in this case.

### *FACTUAL BACKGROUND*

Nathan Carrera is a 32 year old man charged with conspiring with other individuals to obtain illegal use of computer software, digital video disc movies (DVDs), and console video games. Other than the instant offense charged, Mr. Carrera has never had any involvement with the criminal justice system. Nathan Carrera was born on April 24, 1976 in Chicago, Illinois. He was born to the marital union of John and Judy Carrera, married 35 years. Nathan Carrera graduated from Fenton High School

in Bensenville, Illinois. He resides with his parents. He has also attended College of DuPage and Emmans Bible School, majoring in a general religious education. Historically, both of the defendant's parents have maintained employment since the defendant's birth and have instilled in him a strong work ethic. Nathan Carrera has been gainfully employed while participating and continuing in his pursuit of a professional education. He has held various computer security-related jobs and he is currently employed as a consultant to Sun Microsystems for the Chicago Public Schools. The defendant recalls his childhood growing up in a lower middle class Mexican family as somewhat of a struggle, but described the household environment as consistently supportive and healthy. He indicates no exposure to mental, physical, or substance abuse and proudly states that his parental and family unit have always been strong. The defendant's family describes Nathan as an individual that always walked a straight path in life. The defendant's family is willing to do "anything" to support their son in order to get through this difficult time. Mr. Carrera's actions were founded in immaturity, not because he is malicious or greedy.

On February 12, 2009, Mr. Carrera waived indictment and agreed to enterer into a plea agreement with the Government. Prior to that date, Mr. Carrera has done all in his power to cooperate fully with the Government in this investigation. Nathan Carrera is a fundamentally good person with an absolute potential to continue to lead a constructive and positive life. He will continue to contribute positively to his family and clients, and to society as a whole. Mr. Carrera did not engage in this criminal conduct to obtain compensation and/or monetary gain. He admittedly engaged in this conduct because of his immaturity.

The defendant respectfully requests that this Honorable Court evaluate this memorandum and incorporate it by reference.

Using a totality of the circumstances approach, we respectfully request that the Court impose a sentence of probation in this matter as such a sentence would be sufficient, but not greater than necessary, to achieve just punishment in this case.

### *A PROBATIONARY SENTENCE IS APPROPRIATE*

While the Government has indicated to undersigned counsel that they no longer need such detailed information or cooperation, the defendant states now that he stands ready to assist the DOJ in whatever manner and form they deem appropriate. Mr. Carrera recognizes the error of his ways and continues to strive to use his computer skills in a positive and productive way.

In the case of *United States vs. Fernandez,* the Court specifically stated:

> We agree that in formulating a reasonable sentence a sentencing judge must consider "the history and characteristics of the defendant" within the meaning of 18 U.S.C. §3553(a)(1), as well as other factors enumerated in 213553(a), and should take under advisement any related arguments, including the contention that a defendant made efforts to cooperate, even if those efforts did not yield a Government motion for a downward departure pursuant to U.S.S.G. §5K1.1. Section 3553(a)(1), in particular, is worded broadly, and it contains no express limitations as to what "history and characteristics of the defendant" are relevant. This sweeping provision presumably includes the history of a defendant's cooperation and characteristics evidenced by cooperation, such as remorse or rehabilitation. 443 F.3d. 19 at 33 (2nd Cir. 2006).

Mr. Nathan Carrera's character is defined as man who immediately accepted responsibility for his actions.

Under the other factors set forth in 18 U.S.C. §3553(a), we respectfully submit additional reasons why a straight probationary sentence is appropriate for defendant in this case. Section 3553(a) directs that the court "impose a sentence <u>sufficient but not greater than necessary</u>" based on the statutory objectives and relevant factors. (Emphasis added). In this case, that analysis strongly supports imposing a sentence of probation:

-3-

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. §3553(a)(1).**

As set forth in the preceding section, defendant presents extraordinary mitigating circumstances. He has lived his life without violating the law. He has lived in the Wood Dale neighborhood all of his life seeking an education and a career for himself. He has also constructively utilized his computer skill(s) to provide security against hackers and computer piracy. This career path speaks volumes to his rehabilitative potential and his willingness to turn his life around in an effort to support his family.

While copyright infringement is a criminal offense, it is important to remember that this was not done for purposes of obtaining compensation. There is no evidence of any loss, rather, the only evidence demonstrates that defendant on numerous occasions downloaded movies and video games for his own personal use. Nevertheless, the defendant has fully accepted responsibility for his criminal actions and feels deep remorse and embarrassment for his conduct.

**(2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed training or services. 18 U.S.C. §3553(a)(2XA-D).**

Here, there can be no question that a probationary sentence would satisfy the "needs" addressed in this subsection. The seriousness of the offense does not require a sentence greater than probation. Indeed, the government at least implicitly acknowledges this by agreeing to a sentencing range which permits the imposition of a sentence of straight probation (although it is within the government's discretion to argue for a sentence within the guideline range). Given the lack of any

economic loss and the fact that the defendant did not engage in this particular activity for pecuniary gain, we respectfully urge this Court that this offense is at the bottom of the culpability spectrum. In addition, any concerns regarding general or specific deterrence do not justify a sentence greater than probation. Certainly, there can be no concern that Mr. Carrera would <u>ever</u> commit such a crime again, and recent Court orders have reflected the fact that this investigation virtually eliminated the "warez scene" in the United States.

**(3) The kinds of sentences available. 18 U.S.C. §3553(a)(3).**

Here, this is no question that straight probation is authorized by statute, 18 U.S.C. §3561 (c)(1).

**(4) The kinds of sentence and sentencing range established by the Sentencing Guidelines and pertinent policy statements. 18 U.S.C. §3553(a) (4-5).**

The advisory guideline range in this case, as found by the Probation Officer and stipulated by the parties, is offense level n/a, criminal history I; however, because the offense is a Class D Felony, the defendant is eligible for probation.

**(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. §3553(a)(6).**

This is the factor which most strongly supports defendant's request to be sentenced outside of the applicable advisory guideline range. The most similarly situated defendants were those indicted as part of the related case. In that case, the defendants were charged with conspiring to, among other things, commit criminal copyright infringement. Albert Bryndza (3:05CR00051(RNC)), Jeffrey Lehman (3:05CR00050(RNC)), Seth Kleinberg (3:05CR00049(RNC)), I-Che Lai (3:06CR0004(RNC)) and Scott Carrera (3:07CR00096(RNC)) who were co-defendants in this case, entered binding plea agreements with the government which provided for Guideline Sentencing range(s) identical to those enunciated in Mr. Carrera's plea agreement. All of those defendants received sentences of probation.

The last co-defendant, William McGinnis, case 3:09 CR 70 SRV, entered a plea of guilty on March 26, 2009 before the Honorable Stefan R. Underhill on the identical charge and received a fine and no probation.

Here, defendant is substantially less culpable than the defendants in the related case(s). This defendant did not provide, supply, repackage, or restructure video games or DVD movies; he did not seek or obtain any pecuniary gain for his services to the various websites; he did not cause any loss to the government; and he did not unjustifiably or illegally profit from his involvement in the conspiracy. A probationary sentence for defendant avoids unwarranted disparity and appropriately recognizes that defendant is less culpable than these similarly-situated defendants.

**(6)     The need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a)(7).**

Because defendant did not cause any economic loss, restitution is not an issue in this case.

## *CONCLUSION*

Defendant seeks a variance from the advisory sentencing guideline range because a straight probationary sentence would serve the underlying statutory purposes of 18 U.S.C. §3553(a). Considering the lack of criminal history of the defendant, his personal and family characteristics, his involvement in his community, his participation in government cooperation and assistance in their investigation, and the nature and circumstances of his offense conduct, the defendant respectfully requests a sentence of probation which would sufficiently punish him for his wrongdoing and deter him from this type of conduct in the future.

/s/ Steven Messner
STEVEN MESSNER & ASSOCIATES
Attorney for Defendant
444 Skokie Boulevard, Suite 303
Wilmette, IL 60091
(847)256-6580